**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA - NEWPORT NEWS DIVISION**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):    **Gary Lane Hale**
**Lovecia Joyleen Hale**    Case No: **11-51190-FJS**

This plan, dated **November 2, 2011**, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ☒ a modified Plan, which replaces the
  ☐ confirmed or ☒ unconfirmed Plan dated **July 11, 2011**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**FRIDAY, DECEMBER 9, 2011 @ 9:30 A.M.**
Place of <u>Modified Plan</u> Confirmation Hearing:
**Federal Courthouse, 2400 West Avenue, Newport News, VA**

The Plan provisions modified by this filing are:
**1: Modify plan funding; 4A: increase dividend to unsecured creditors**

Creditors affected by this modification are:
**All unsecured creditors**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$39,175.00**
Total Non-Priority Unsecured Debt: **$70,026.57**
Total Priority Debt: **$708.00**
Total Secured Debt: **$13,975.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$710.00 Monthly for 3 months, then $915.00 Monthly for 5 months, then $533.00 for 3 months, then $643.00 Monthly for 25 months**. Other payments to the Trustee are as follows: __$460.00 Lumpsum payment in month 36__. The total amount to be paid into the plan is $__24,839.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $__2,600.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | 708.00 | Prorata 7 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| Kay Jewelers | Wedding and engagement rings | | 1,150.00 | 1,750.00 |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

    C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Wells Fargo Dlr Svc/Wachovia** | **Motor Vehicle - 2005 Nissan Altima GLS 3.5 83k mileage** | **140.00** | **Trustee** |
| **Kay Jewelers** | **Wedding and engagement rings** | **15.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Wells Fargo Dlr Svc/Wachovia** | **Motor Vehicle - 2005 Nissan Altima GLS 3.5 83k mileage** | **14,219.00** | **4.25%** | **425.00 36 months** |
| **Kay Jewelers** | **Wedding and engagement rings** | **1,150.00** | **4.25%** | **35.00 35 months** |

    E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.    **Unsecured Claims.**

    A.    **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __**4**__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __**0.5**__ %.

    B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| AT&T | Contract | 0.00 | | 0 months |
| Berkeley Realty Property Mgmt | Contract | 0.00 | | 0 months |
| Iron Bound Gym | Contract | 0.00 | | 0 months |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                                  Best Case Bankruptcy

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Amount | Value of Collateral |
   |---|---|---|---|
   | -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|
   | -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

11. **Other provisions of this plan:**

   **I. Request for Reimbursement of Expenses Through Plan**
   In addition to the attorney fees requested for payment in the Statement of Compensation filed with the Court and in paragraph 2.A.2. of this Plan, Boleman Law Firm, P.C. requests reimbursement of actual and necessary expenses through the Plan. Pursuant to Standing Order 08-1, such expenses shall not exceed $300.00 unless a formal application is filed with and approved by the Court. Boleman will submit a claim for payment of its expenses in a manner that is consistent with Standing Order 08-1 periodically throughout the case. Boleman reserves the right to submit its claim for expenses via a Proof of Claim filed with the Court.

   Any funds paid by Debtor(s) to Boleman prior to the case filing are disclosed at paragraph 9 of the Statement of Financial Affairs and applied, if applicable, first to payment of Bankruptcy Court filing fee, then to the credit counseling briefing expense, circuit court homestead deed filing fee, 2-in-1 downloadable credit report, and finally to fees.

   **II. Payment of Attorney Fees and Expenses** - The claim for attorney fees and expenses shall be paid all funds available on first disbursement after confirmation of the plan, and until such claim for attorney fees and expenses is paid in full, except as reserved for adequate protection payments on allowed secured claims (if any), and trustee commissions.

   **III. Payment of Adequate Protection**
   - All adequate protection payments set forth in Section 3.C are to be paid through the Trustee.
   - The Debtor(s) shall pay regular post-petition contract payments to the creditors listed in Section 5.A., and such payments shall also constitute adequate protection payments to such creditors. Accordingly, the Trustee shall not pay adequate protection payments to creditors listed in Section 5.A.
   - No adequate protection payments are to be paid to any creditors unless the Plan provides for the payment of adequate protection of such claim(s) through the Trustee in Section 3.C. or directly by the Debtor(s) in Section 5.A., or unless the Court orders otherwise.

**Signatures:**

Dated:   11/2/11

/s/ Gary Lane Hale  
**Gary Lane Hale**  
**Debtor**

/s/ John R. Bollinger  
**John R. Bollinger VSB 46672**  
**Debtor's Attorney**

/s/ Lovecia Joyleen Hale  
**Lovecia Joyleen Hale**  
**Joint Debtor**

**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J);  
Matrix of Parties Served with Plan

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

Certificate of Service

I certify that on  **2nd day of November, 2011**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ John R. Bollinger
**John R. Bollinger VSB 46672**
Signature

**P.O. Box 11588**
**Richmond, VA  23232**
Address

**757-313-3000**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re **Gary Lane Hale**
**Lovecia Joyleen Hale**
Debtor(s)

Case No. **11-51190-FJS**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - MODIFIED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son**<br>**Daughter**<br>**Daughter** | AGE(S):<br>**15**<br>**17**<br>**18** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **HEO** | **Disabled** |
| Name of Employer | **Dominion Virginia Power** | **Social Security Adminis.** |
| How long employed | **25 Years** | |
| Address of Employer | **Attn: Bankruptcy Group**<br>**P O Box 26666**<br>**Richmond, VA 23261** | **Re: Bankruptcy**<br>**6401 Security Blvd.**<br>**Baltimore, MD 21235** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **5,284.91** | $ **0.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **5,284.91** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ **904.43** | $ **0.00** |
|    b. Insurance | $ **467.50** | $ **0.00** |
|    c. Union dues | $ **68.64** | $ **0.00** |
|    d. Other (Specify) **See Detailed Income Attachment** | $ **616.27** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **2,056.84** | $ **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **3,228.07** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **764.00** |
| 11. Social security or government assistance<br>(Specify): **Social Security Disability** | $ **0.00** | $ **925.00** |
|     **Social Security Children** | $ **0.00** | $ **520.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income<br>(Specify): **Federal and state tax refunds amortized** | $ **227.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **227.00** | $ **2,209.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **3,455.07** | $ **2,209.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **5,664.07** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

**B6I (Official Form 6I) (12/07)**

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**Husband has been working overtime to supplement household income and anticpates working overtime during the duration of the case. Debtor's disability has been reduced due to deduction for medicare.  Debtors anticipate the following financial changes and step-up or step down in monthly payments during their Chapter 13: 1) In Month 8 there will be a reduction in the amount of $382.00 in Child Support income being received into the household due to one child reaching the age of 18 and results in a step down in plan payments; Debtors anticipate 401k loans being paid off in Month 10 and in Month 34 of their plan.  This results in a step up in plan payments in month 11 and remains in effect through month 36 of the plan and on or about month 36 the plan Debtors will provide a lump sum payment of $460.00 into the plan which represents the monthly savings form the 2nd 401 k loan being paid off.**

**B6I (Official Form 6I) (12/07)**

In re **Gary Lane Hale**
**Lovecia Joyleen Hale**
Debtor(s)

Case No. **11-51190-FJS**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - MODIFIED
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| **401k** | $ **166.18** | $ **0.00** |
| **Life and Disability** | $ **63.79** | $ **0.00** |
| **401 k loan 1** | $ **250.92** | $ **0.00** |
| **401 k loan 2** | $ **115.38** | $ **0.00** |
| **VEBA (paid monthly)** | $ **20.00** | $ **0.00** |
| **Total Other Payroll Deductions** | $ **616.27** | $ **0.00** |

**B6J (Official Form 6J) (12/07)**

In re **Gary Lane Hale / Lovecia Joyleen Hale**                              Case No. **11-51190-FJS**
                                         Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - MODIFIED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,080.00 |
| a. Are real estate taxes included? Yes **X**   No ___ | |
| b. Is property insurance included? Yes **X**   No ___ | |
| 2. Utilities: a. Electricity and heating fuel | $ 120.00 |
| b. Water and sewer | $ 100.00 |
| c. Telephone | $ 44.27 |
| d. Other **See Detailed Expense Attachment** | $ 587.69 |
| 3. Home maintenance (repairs and upkeep) | $ 25.00 |
| 4. Food | $ 780.00 |
| 5. Clothing | $ 83.00 |
| 6. Laundry and dry cleaning | $ 15.00 |
| 7. Medical and dental expenses | $ 300.00 |
| 8. Transportation (not including car payments) | $ 808.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ 24.00 |
| b. Life | $ 20.00 |
| c. Health | $ 0.00 |
| d. Auto | $ 140.00 |
| e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) **Personal Property** | $ 35.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ 0.00 |
| b. Other | $ 0.00 |
| c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 487.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 4,748.96 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**Transportation expense is high due to Husband traveling to Richmond for his employment- 120 miles round trip and maintenance of vehicles. Medical expense is high due to monthly prescription expenses.**

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ 5,664.07 |
| b. Average monthly expenses from Line 18 above | $ 4,748.96 |
| c. Monthly net income (a. minus b.) | $ 915.11 |

**B6J (Official Form 6J) (12/07)**

In re    **Gary Lane Hale**
        **Lovecia Joyleen Hale**                                                Case No.    **11-51190-FJS**
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - MODIFIED
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| **Natural Gas** | $ **140.00** |
| **Cable** | $ **106.70** |
| **Cell Phone (entire family)** | $ **300.00** |
| **Internet** | $ **40.99** |
| **Total Other Utility Expenditures** | $ **587.69** |

**Other Expenditures:**

| | |
|---|---:|
| **Gym membership** | $ **67.00** |
| **Miscellaneous Expense** | $ **250.00** |
| **School Supplies & Activities** | $ **45.00** |
| **School Lunches** | $ **25.00** |
| **Daughter's college expenses** | $ **100.00** |
| **Total Other Expenditures** | $ **487.00** |

Office of the U.S. Trustee
200 Granby Street
Suite 625
Norfolk, VA 23510


A1 Collections
Re: Aberdeen Medical Services
80 W. Upper Ferry Rd., Ste. 1
Trenton, NJ 08628


Aberdeen Medical Services
528 Fellowship Road
Blawenburg, NJ 08504


AMCA Collection Agency
RE: Labcorp
4 Westchester Plaza, Ste 110
Elmsford, NY 10523


Americredit
Attn: Bankruptcy
P.O. Box 183853
Arlington, TX 76096


Bank of America Corporation
100 North Tryon Street
Charlotte, NC 28255


Best Buy/ HSBC
P.O. Box 15524
Wilmington, DE 19850


Bureau of Collection Recovery
Re: T-Mobile
7575 Corporate Way, Rm 301
Eden Prairie, MN 55344


Candica LLC
c/o Weinstein & Riley, PS
2001 Western Ave, Ste 400
Seattle, WA 98121


Capital One Bank USA
P.O. Box 30281
Salt Lake City, UT 84130-0281

```
Credit Control Corporation
Re: Orthopaedic and Spine Ctr
11821 Rock Landing Drive
Newport News, VA 23606


Dominion Credit Union
Re:  Bankruptcy
P.O. Box 26646
Richmond, VA 23261-6646


Family Care of Wiliamsburg
117 Bulifants Blvd, Ste A
Williamsburg, VA 23188


First Premier Bank
Attn: Bankruptcy Dept.
3820 N. Louise Ave
Sioux Falls, SD 57107


First Premier Bank
c/o Mr Dana Dykhouse - CEO
601 South Minnesota Ave
Sioux Falls, SD 57104


Haddon Oral Surgeons
475 Old Marlon Pike W #C
Marlton, NJ 08503


HSBC Bank Nevada, NA
Bass & Associates
3936 E. Ft. Lowell, Ste 200
Tucson, AZ 85712


Internal Revenue Service
Proceedings & Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service
Insolvency Unit - Rm 898
400 N. 8th Street, Box 76
Richmond, VA 23219
```

```
Internal Revenue Service
c/o Eric H. Holder
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


IRS, c/o Civil Process Clerk
Office of US Attorney
101 W. Main St., Ste 8000
Norfolk, VA 23510-1671


Kay Jewelers
Attn: Bankruptcy Dept
P.O. Box 3680
Akron, OH 44398-9914


Labcorp
Re:  Bankruptcy
358 S. Main St.
Burlington, NC 27215


LCA Collections
Re:  LabCorp
P.O. Box 2240
Burlington, NC 27216-2240


MRS Associates
1930 Olney Avenue
Cherry Hill, NJ 08003


National Credit Adjusters
Re:  Thinkcash.com
327 W 4th Street
Hutchinson, KS 67504-3023


Nelson, Watson, & Assoc
RE: Capital One Services LLC
PO BOX 1299
Haverhill, MA 01831


Olga T. Hale
614 Queens Creek Drive
Williamsburg, VA 23185


Orthopedic & Spine Center
250 Nat Turner Blvd S
Newport News, VA 23606-2899
```

```
Peninsula Surgery Center LLC
PO BOX 6017
Newport News, VA 23606


Plaza Associates
RE: T-Mobile fka Voicestream
370 Seventh Avenue
New York, NY 10001-3900


Rancocas Anesthesiology
700 Route 130 N
#203
Riverton, NJ 08077


Regional Orthopedic P A
P.O. Box 8566
Cherry Hill, NJ 08002-0566


Sentara Collections
535 Independence Pkwy
Suite 700
Chesapeake, VA 23320


Sentara Williamsburg Regional
100 Sentara Circle
Williamsburg, VA 23188


T-Mobile Bankruptcy Team
P O Box 53410
Bellevue, WA 98015


Target National Bank
C/O Target Credit Services
P.O. Box 673
Minneapolis, MN 55440-0673


Thinkcash Account Services
P.O. Box 37727
Philadelphia, PA 19101


Tidewater Phys Multispec Grp
860 Omni Blvd Ste 304
Newport News, VA 23606-4445
```

```
Verizon Wireless
Bankruptcy Department
PO Box 3397
Bloomington, IL 61702


Wells Fargo Dlr Svc/Wachovia
P.O. Box 1697
Cbdru  mail Code NC7640
Winterville, NC 28590-1697


Weltman, Weinberg & Reis
Re: Kay Jewelers
323 W Lakeside Ave., Ste 200
Cleveland, OH 44113
```